No. 25-2061

# United States Court of Appeals

**FOR THE THIRD CIRCUIT**

HAYDEN GATEWAY LLC AND BLOC DISPENSARY LLC,

*Plaintiffs–Appellees,*

v.

ADVANCED FLOWER CAPITAL INC. AND AFC AGENT LLC;

*Defendants–Appellants.*

*On Appeal From The United States District Court For The District of New Jersey Case No. 3:25-02789, Hon. Zahid Quraishi*

**DEFENDANTS-APPELLANTS ADVANCED FLOWER CAPITAL INC. AND AFC AGENT LLC'S MOTION TO EXPEDITE THE APPEAL**

Alex H. Loomis
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
alexloomis@quinnemanuel.com

*Counsel for Defendants–Appellants*

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27 and Local Appellate Rule 4.1, Defendants-Appellants Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC") respectfully request that the Court expedite the briefing, argument, and disposition of this appeal, in accord with the following schedule.

| | |
|---|---|
| **Appellants' Opening Brief:** | Tuesday, July 1, 2025 |
| **Appellees' Answering Brief:** | Tuesday, August 5, 2025 |
| **Appellants' Reply Brief:** | Tuesday, August 19, 2025 |
| Oral argument: | During the Court's September session, or as soon as possible. |

Counsel for AFC has conferred with counsel for Plaintiffs-Appellees Hayden Gateway LLC and Bloc Dispensary LLC (together, the "Borrowers") regarding this motion. The Borrowers consent to the briefing schedule but oppose expedition of the appeal.

## BACKGROUND

### A. The Underlying Contracts

AFC is an institutional lender that specializes in loaning money to operators in the nation's burgeoning legal cannabis industry. In 2021, AFC entered into a Second Amended and Restated Credit Agreement with the Borrowers. Dist. Ct. Dkt. 7-15. Under that Credit Agreement and related documents, AFC loaned the Borrowers tens of millions of dollars to build out their cannabis operations in

1

Pennsylvania and New Jersey. In return, the Borrowers promised to make regularly scheduled payments and ultimately repay the full amount of principal and interest due to AFC by the impending maturity date—May 1, 2026. *See id.* §§ 2.4, 3.4.

The Credit Agreement includes a clause barring oral modifications to the contract. Dist. Ct. Dkt. 7-15 § 15.1(a). Such prohibitions are generally enforced under governing New York law. *See Merrill Lynch Interfunding, Inc. v. Argenti*, 155 F.3d 113, 122 (2d Cir. 1998); N.Y. Gen. Oblig. Law § 15-301.

The Borrowers failed to make payments due under the Credit Agreement. Dist. Ct. Dkt. 46, at 3. Following negotiations, the parties entered into a Forbearance Agreement, under which AFC agreed to refrain from exercising the full range of its rights upon the Borrowers' defaults, including acceleration of the full amounts due. Dist. Ct. Dkt. 7-8 §§ 2.1, 2.3. The Credit Agreement otherwise remained in force. *Id.* § 5.1.

In exchange for its forbearance, AFC bargained for certain rights to protect itself against the risk of further nonpayment. Relevant here, the Forbearance Agreement permits AFC

- to make scheduled "cash sweeps" of the Borrowers' bank accounts,
- to recover liened collateral assets without judicial process upon future breaches by the Borrowers, and

2

- to foreclose on the Borrowers' real property in Hazleton, Pennsylvania without opposition from the Borrowers.

*Id.* §§ 2.3, 4.1, 5.9, 5.10; Dist. Ct. Dkt. 7-15, at 17, § 9.2.

These provisions were integral to AFC's agreement to forbear. They allowed AFC to expeditiously recover the value owed to it without the burden or expense of protracted judicial review, consistent with the New York Uniform Commercial Code. The option of expeditious recovery reduced the risk that AFC's collateral would decline in value before the loan's maturity date, ensuring that AFC would receive the full amounts it is owed. Time is of particular essence here because cannabis businesses face unique regulatory and market pressures that can rapidly erode asset values, making swift enforcement critical to a lender's ability to recover on loans.

B.  **The Order Below**

On April 17, 2025, the Borrowers sued AFC and sought a temporary restraining order and preliminary injunction barring AFC from exercising any of these remedies under the Forbearance Agreement. Dist. Ct. Dkt. 7-1. They argued that they were not in default on their loan—even though the Borrowers had stipulated in the Forbearance Agreement that they were "in default" and that the Forbearance Agreement did not waive those defaults, Dist. Ct. Dkt. 7-8, at 2 (third paragraph), § 1.7—and that AFC was therefore not entitled to pursue any of its remedies under

the Forbearance Agreement. *See* Dist. Ct. Dkt. 7-1. AFC responded that the Borrowers had defaulted under the Credit and Forbearance Agreements several times over. These defaults included the prior defaults that the Borrowers had admitted to in the Forbearance Agreement, as well as subsequent defaults under the Forbearance Agreement. *See* Dist. Ct. Dkt. 19, at 8-23.

Twenty-two days later, after expedited briefing and a one-day hearing, the district court granted the Borrowers' motion for a preliminary injunction, barring AFC from pursuing any of its remedies for the Borrowers' defaults under the Credit and Forbearance Agreements. Dist. Ct. Dkt. 47, at 1-2. Its injunction prohibited AFC, in part, from litigating a pending state foreclosure action for the Hazleton property and from seeking prompt recovery of any of its other collateral. Dist. Ct. Dkt. 47, at 1-2.

**ARGUMENT**

Expeditious review of the district court's injunction, which itself was granted on an expedited basis, is necessary both to preserve effective appellate review and to minimize the continuing harm it inflicts on AFC. Courts "shall expedite … any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown." 28 U.S.C. § 1657(a); *see also* 3d Cir. L.A.R. 4.1 (permitting motions to expedite within 14 days of the docketing of the appeal). Expedition is warranted here for at least four reasons.

4

*First*, the May 2026 maturity date threatens to moot this appeal. On that date, at the latest, the entire balance of the Borrowers' loans will become due and payable to AFC. Dist. Ct. Dkt. 7-15, § 3.4. If the Borrowers fail to pay those amounts, as they historically have, they will indisputably be in default. *Id.* § 8.1(a); Dist. Ct. Dkt. 7-8 § 2.1. Their default would trigger AFC's right to exercise the remedies at issue in this appeal. But by then, the very remedies this Court would be reviewing— AFC's right to expeditious collection under the Credit and Forbearance Agreements—may be rendered meaningless. Thus, awaiting that default event would defeat the purpose of this Court's review. *See Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016) (explaining that mootness "analysis is 'centrally concerned with the court's ability to grant effective relief'") (quoting *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)).

*Second*, the preliminary injunction inflicts a continuing harm on AFC's bargained-for rights to expeditious recovery of its collateral. Each day the injunction remains in effect, AFC's express contractual rights are negated, and the risk that AFC will ultimately be unable to recover the full value of its loans to the Borrowers increases. The Borrowers currently owe AFC more than $100 million. Dist. Ct. Dkt. 42, at 2. Much of AFC's collateral—the Hazleton real property, the Borrowers' cannabis inventory, equipment, and business operations, for example—are particularly susceptible to rapid depreciation in the volatile cannabis market. If the

value of AFC's collateral decreases between now and the maturity date, as AFC projects, the district court's preliminary injunction threatens to prevent AFC's rightful recovery of those full amounts.

*Third*, the bond ordered by the district court will not compensate AFC for that harm, but in fact leaves AFC in a *worse* position than if the district court had ordered no bond at all. The district court required a bond of $1 million—itself an inadequate amount—which it ordered (over AFC's objection) to be paid entirely with AFC's own collateral under the Credit Agreement. Dist. Ct. Dkt. 47, at 2; Dist. Ct. Dkt. 60. Because the bond here consists of funds that AFC would be entitled to recover upon default, it will not compensate AFC for the distinct harms it will have suffered if this Court determines that the injunction was improvidently granted. To the contrary, the bond exacerbates AFC's damages by tying up $1 million of its collateral in the district court's low-interest-bearing registry, at a significant opportunity cost to AFC. Dist. Ct. Dkt. 65. Expedition of this appeal is necessary to minimize the additional damage that the district court's erroneous bond order causes AFC.

*Finally*, the Borrowers will not be prejudiced by the expeditious schedule proposed by AFC. As noted above, the Borrowers have consented to the above briefing schedule. Effectively, AFC requests expedition of only its own briefing schedule, and, respectfully, of the case's setting for argument. Nor are the Borrowers in a position to question the urgency of this matter. In the court below, the Borrowers

repeatedly demanded—and obtained—expeditious consideration of their requests for preliminary relief, Dist. Ct. Dkt. 7-1, at 7, 53-54, leading to entry of both a temporary restraining order and the injunction within 22 days of filing this action. A schedule allowing more than three months to complete briefing and argument will afford the Borrowers ample time to defend the ruling below, and this Court ample time to decide the appeal.

## PROPOSED SCHEDULE

AFC respectfully proposes that the Court order the following briefing schedule, subject to any modifications that the Borrowers may reasonably request or that this Court may deem appropriate:

| | |
|---|---|
| **Appellants' Opening Brief:** | Tuesday, July 1, 2025 |
| **Appellees' Answering Brief:** | Tuesday, August 5, 2025 |
| **Appellants' Reply Brief:** | Tuesday, August 19, 2025 |
| **Oral argument:** | During the Court's September session, or as soon as possible. |

## CONCLUSION

For the foregoing reasons, AFC respectfully requests that the Court (i) grant the motion to expedite proceedings, (ii) set the above briefing and argument schedule or one that it deems appropriate, and (iii) resolve the appeal as promptly as is practical for the Court.

Dated: June 13, 2025                    Respectfully submitted,

                                        */s/ Alex H. Loomis*

                                        Alex H. Loomis
                                        QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
                                        111 Huntington Ave, Suite 520
                                        Boston, MA 02199
                                        alexloomis@quinnemanuel.com

                                        *Counsel for Defendants-Appellants*

# CERTIFICATIONS

1. Pursuant to Third Circuit L.A.R. 28.3(d), the undersigned is a member in good standing of the bar of this Court.

2. This brief complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because this brief contains 1,531 words, excluding the parts of the brief exempted by Rule 32(f).

3. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

4. On June 13, 2025, I caused the foregoing motion to be filed using the CM/ECF system on all counsel of record.

*/s/ Alex H. Loomis*