# United States Court of Appeals

**FOR THE THIRD CIRCUIT**

HAYDEN GATEWAY LLC AND BLOC DISPENSARY LLC,

*Plaintiffs–Appellees,*

v.

ADVANCED FLOWER CAPITAL INC. AND AFC AGENT LLC;

*Defendants–Appellants.*

*On Appeal From The United States District Court For The District of New Jersey Case No. 3:25-02789, Hon. Zahid Quraishi*

## DEFENDANTS-APPELLANTS ADVANCED FLOWER CAPITAL INC. AND AFC AGENT LLC'S MOTION TO DISMISS APPEAL AS MOOT

Jason D. Sternberg
David A. Nabors
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2601 South Bayshore Dr., Ste. 1550
Miami, FL 33133
(305) 402-4880

Alex H. Loomis
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
111 Huntington Ave., Ste. 520
Boston, MA 02199
(617) 712-7100

Kevin S. Reed
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
295 Fifth Avenue, 9th Fl.
New York, NY 10016
(212) 849-7000

*Counsel for Defendants–Appellants*

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..........................................................................................................1

BACKGROUND ..........................................................................................................2

      A.     The Underlying Contracts .............................................................2

      B.     The Preliminary Injunction ..........................................................4

      C.     This Appeal....................................................................................5

      D.     The District Court's Clarification Order........................................6

      E.     The Loan's Maturity Date..............................................................7

ARGUMENT ...............................................................................................................7

CONCLUSION ..........................................................................................................12

CERTIFICATIONS ...................................................................................................14

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*In re Cantwell*,
639 F.2d 1050 (3d Cir. 1981)................................................................11

*Chafin v. Chafin*,
568 U.S. 165 (2013)...............................................................................7

*Constand v. Cosby*,
833 F.3d 405 (3d Cir. 2016).................................................2, 7, 8, 11

*Erickson v. Pfiester*,
2023 WL 6297343 (D. Alaska Sept. 27, 2023)...................................9

*Hodge v. Bluebeard's Castle, Inc.*,
392 F. App'x 965 (3d Cir. 2010)....................................................10, 11

*Holman v. Johnson*,
1775 WL 22 (K.B. 1775) ......................................................................10

*Johnson v. Warden Allenwood FCI Low*,
2024 WL 5401830 (3d Cir. Sept. 13, 2024)........................................7

*Kershner v. Mazurkiewicz*,
670 F.2d 440 (3d Cir. 1982).................................................................11

*Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*,
139 F. Supp. 2d 462 (S.D.N.Y. 2001)..................................................8

*Sensoria, LLC v. Kaweske*,
581 F. Supp. 3d 1243 (D. Colo. 2022) ................................................10

*Welter v. Hurt*,
2025 WL 1843209, at *3 (C.D. Cal. May 27, 2025)...........................9

## Rules

Fed. R. App. P. 27 ....................................................................................1

Fed. R. App. P. 42 ....................................................................................1

L.A.R. 27 .......................................................................................................... 1

## **<u>Other Authorities</u>**

5 Williston on Contracts § 12:8 (4th ed.) ............................................................ 10

**INTRODUCTION**

Pursuant to Federal Rules of Appellate Procedure 27 and 42 and Local Appellate Rule 27, Defendants-Appellants Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC") respectfully request that the Court dismiss this appeal as moot. AFC met and conferred with Plaintiffs-Appellees Hayden Gateway LLC and Bloc Dispensary LLC (together, the "Borrowers"), and the Borrowers oppose this motion and conveyed that they will file a response to the motion.

This appeal challenges a preliminary injunction that prohibits AFC from pursuing certain interim remedies for specific pre-maturity defaults on a loan. Shortly after AFC appealed that preliminary injunction in June 2025, it moved to expedite the appeal, citing the May 1, 2026 maturity date of the loan as an event that would ultimately moot this Court's review. Dkt. 11; Dkt. 21. As AFC explained, as of that date, the entire balance of the loan would be due regardless of the limited set of pre-maturity defaults addressed by the district court's preliminary injunction order. And just recently, the district court confirmed that the preliminary injunction on review "is silent as to the Credit Agreement's maturity date or any party's rights upon maturity … because the parties did not bring that issue to the Court's attention" during the preliminary injunction proceedings. Ex. A (Dist. Ct. Dkt. 139) at 2.

The maturity date has now come and gone. As AFC predicted (Dkt. 21 at 2), the Borrowers did not repay the loan on maturity. *See* Ex. B. That separately triggers

AFC's unqualified right under the Credit Agreement to institute an action for repayment.

The maturity of the loan moots this appeal. It affords AFC by operation of law exactly the relief it seeks in this appeal—the right to recover the loan's full balance. Any opinion on the merits of a preliminary injunction addressing now-superseded defaults would be purely advisory. And the loan's maturity similarly moots any illegality concerns the Court has expressed about the parties' alleged oral and written agreements. Those issues were relevant only insofar as they pertained to review of the preliminary injunction, which no longer impedes AFC from obtaining all of the relief it seeks, and in any event can be addressed in a separate repayment action now that the loan is past due. Because "no meaningful relief is possible" by way of this appeal, *Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016), the Court should dismiss it as moot.

## BACKGROUND

### A.     The Underlying Contracts

AFC is an institutional lender that specializes in loaning money to lower middle market companies. In 2021, AFC entered into a Second Amended and Restated Credit Agreement with the Borrowers. JA0008-09. Under that Credit Agreement and related documents, AFC loaned the Borrowers tens of millions of dollars to build out their cannabis operations in Pennsylvania and New Jersey.

JA0860, JA0318, JA0319, JA0324. In return, the Borrowers promised to make regularly scheduled payments and ultimately repay the full amount of principal and interest due to AFC by the impending maturity date—May 1, 2026. JA0301, JA0323-24.

Given the substantial size of the loan and extended payment time, the parties agreed to extensive interim protections for AFC, including the definition of various pre-maturity defaults that would entitle AFC to accelerate the loan, terminate the Credit Agreement, and exercise other contractual remedies to obtain full repayment. JA0359-63.

The Borrowers failed to make payments due under the Credit Agreement. JA0009. Following negotiations, the parties entered into a Forbearance Agreement, under which AFC agreed to refrain from exercising the full range of its rights unless and until the Borrowers defaulted again. JA0211. The Credit Agreement otherwise remained in force. JA0214, JA0217, JA0218, JA0221-24, JA0229.

Upon a single default by the Borrowers, forbearance would "immediately and automatically" terminate "without notice or further action," at which point AFC would "be entitled to exercise any or all of [its] rights and remedies" under the Credit Agreement and applicable law. JA0228.

**B.    The Preliminary Injunction**

AFC asserted that the Borrowers had defaulted under the Credit and Forbearance Agreements on several grounds, including that they had failed to maintain their license on their Hazleton, Pennsylvania facility, failed to timely inform AFC of their loss of the license, failed to obtain a certificate of occupancy for their Ewing, New Jersey facility by the required date, and failed to provide AFC with annual audited financial statements.  JA0013-15.

In April 2025, the Borrowers sued AFC and sought a temporary restraining order and preliminary injunction barring AFC from exercising any of these remedies under the Forbearance Agreement on the ground that their defaults were excused. JA0110.  They argued, among other things, that their failure to maintain their Hazleton license and failure to inform AFC of the default were excused because AFC orally agreed to permit the Borrowers to use their equity funds to make the Hazleton facility operational and not to foreclose on the Hazleton property.  JA0028-32.  The Borrowers also contended that their obligation to provide AFC with the Borrowers' annual audited financial statements was excused because AFC orally waived the Credit Agreement's requirement to provide those financial statements. JA0032-33.

The district court granted the Borrowers' motion for a preliminary injunction, finding, among other things, that the Borrowers were likely to succeed on their

claims that the parties had orally modified the Credit Agreement in ways that excused the Borrowers' defaults, and that the public interest supported injunctive relief because doing so would help "preserv[e] patient access to medical cannabis," JA0042.

The preliminary injunction prohibits AFC from "seizing any of Plaintiffs' assets or cash (beyond the permitted scheduled cash sweeps) or seeking any remedy for default that is inconsistent with the parties' oral Reopening Agreement," "seeking any remedy for default that is inconsistent with the parties' oral agreement waiving the requirement that Plaintiffs submit audited financial statements to Defendants in 2023 or 2024," and "seeking any remedy for default on the basis that Plaintiffs failed to obtain a final certificate of occupancy" for the Ewing facility "by May 15, 2024." JA0004-05.

### C. This Appeal

AFC appealed the district court's preliminary injunction and moved to expedite the appeal. Dkt. 11. AFC's principal basis for seeking expedition was that "the May 2026 maturity date threatens to moot this appeal" because the Borrowers' default on maturity "would trigger AFC's right to exercise the remedies at issue in this appeal," thus "defeat[ing] the purpose of this Court's review." *Id.* at 5; *see also* Dkt. 21 at 1 (explaining that the "issue on appeal is whether AFC can make use of bargained-for contractual remedies that will be meaningless by May 2026").

The Borrowers opposed expedition, promising this Court that "there is simply no risk that Borrowers will miss a loan payment." Dkt. 19 at 2. They also agreed that "the exact relief sought by [AFC] before this Court … is going to come due in [May 2026] *no matter what the Court decides*." Dkt. 19 at 6 (emphasis in original). The Court ultimately denied AFC's motion to expedite without elaboration. Dkt. 27.

### D.     The District Court's Clarification Order

With the maturity date approaching, AFC, in an abundance of caution, filed a motion for clarification in the district court requesting that the district court "confirm that the [preliminary injunction] does not limit [AFC's] right to exercise its contractual rights and remedies if [the Borrowers] fail to pay their loan in full when the loan matures" on May 1, 2026. Ex. A at 2.

The district court denied the motion for clarification on the ground that it "lacks jurisdiction to alter an order pertaining to the very same order that is currently before the Third Circuit on appeal." *Id.*

But in doing so, the district court recounted that its preliminary injunction "specifically enjoined [AFC] from seizing any of Plaintiffs' assets or cash or seeking any remedy for default that is inconsistent with several oral agreements made between the parties or on the basis that Plaintiffs failed to obtain a final certificate of occupancy for its Ewing facility." *Id.* at 1-2. The Court further explained that the

preliminary injunction "is silent as to the Credit Agreement's maturity date or any party's rights upon maturity … because the parties did not bring that issue to the Court's attention." *Id.* at 2.

### E.     The Loan's Maturity Date

The Borrowers failed to pay the balance of the loan on the loan's May 1, 2026 maturity date. *See* Ex. B.

## ARGUMENT

The Court should now dismiss this appeal as moot. "To say that an appeal is moot means that the court cannot provide the prevailing party with any relief." *Constand*, 833 F.3d at 409. When that happens, "there is no longer a controversy to decide as required by Article III of the United States Constitution for the exercise of federal judicial power." *Id.* "There is … no case or controversy, and a suit becomes moot, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted). A court's obligation to dismiss a moot case is an extension of "Article III's requirement of a live controversy," under which "advisory opinions are forbidden." *Constand*, 833 F.3d at 411.

The maturity of the loan precludes this Court's ability to grant meaningful relief in this appeal. *See, e.g.*, *Johnson v. Warden Allenwood FCI Low*, 2024 WL 5401830, at *1 (3d Cir. Sept. 13, 2024) (An appeal is moot when the "[a]ppellant

7

has already received his requested relief.").  Because the loan is now overdue, *see* Ex. B, the parties' loan agreements entitle AFC to pursue repayment of the loan immediately, regardless of whether the pre-maturity defaults that AFC was preliminarily enjoined from acting on might have allowed AFC to pursue collection efforts earlier.  Disputes about the propriety of pre-maturity acceleration of a loan "bec[o]me moot" upon the loan's maturity because such disputes are "thereafter irrelevant." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 467 (S.D.N.Y. 2001).  The maturity of the loan conferred to AFC the unqualified right to do what the preliminary injunction it appealed barred it from doing based on earlier defaults: pursuing its contractual remedies to obtain repayment of the loan.  Resolution of this appeal will not affect AFC's right to seek full repayment of its loan to the Borrowers, nor will it preserve any ability the Borrowers may have had by virtue of the preliminary injunction to avoid making full repayment.  As the Borrowers previously explained, the loan's maturity by itself grants "the exact relief sought by [AFC] before this Court."  Dkt. 19 at 6.

For these reasons, any opinion the Court renders on the preliminary injunction at this juncture would be purely advisory—a telltale sign of mootness that is in itself impermissible under Article III's case-or-controversy requirement.  *Constand*, 833 F.3d at 409, 411.  The scope of this Court's review is necessarily circumscribed to the propriety of the preliminary injunction against the exercise of remedies available

for pre-maturity defaults. But as both the plain text of the preliminary injunction and the district court's recent clarification order confirm, the injunction does not—and could not—bar AFC from exercising those same remedies for a default upon the loan's maturity. JA0004-05; Ex. A at 2. The Borrowers conceded as much before this Court, stating in their opposition to AFC's motion to expedite, that if they failed to make any payment, that "would promptly trigger all of [AFC's] remedies, including foreclosure, which is the precise relief [AFC] seeks via this expedited appeal." Dkt. 19 at 3. Because AFC may now pursue those remedies regardless of whether this Court reverses the preliminary injunction or affirms it, any relief this Court issues at this juncture would be directed to a controversy—the existence or non-existence of pre-maturity defaults—that is no longer of consequence.

The same mootness principles apply to the illegality concerns the Court has raised as they pertain to review of the preliminary injunction. While the parties have previously expressed disagreement about the extent to which AFC's recovery of collateral implicates illegality principles, the loan's maturity confirms that the debate is now purely academic. Now that the loan is due, AFC has the right to bring a direct action for repayment of the entire loan balance, which, as the Borrowers conceded at oral argument (Oral Arg. Tr. 22:24-23:2), would not be barred by the illegality doctrine. *See, e.g.*, *Welter v. Hurt*, 2025 WL 1843209, at *3 (C.D. Cal. May 27, 2025) (denying dismissal of suit to enforce loan to marijuana business on illegality

grounds because absent enforcement, "Defendants would be unjustly enriched"); *see also Erickson v. Pfiester*, 2023 WL 6297343, at \*3 (D. Alaska Sept. 27, 2023) ("returning Plaintiffs' investment does not cause either party to violate the CSA"); *Sensoria, LLC v. Kaweske*, 581 F. Supp. 3d 1243, 1261-62 (D. Colo. 2022) (same).[1]

In any case, whatever the merits of the Borrowers' illegality arguments as they pertain to the original preliminary injunction, they do not save this appeal from mootness. As the district court has explained, the injunction does not cover AFC's rights on maturity of the loan, and thus it has no bearing on AFC's foreclosure rights on maturity. Any argument by the Borrowers that the injunction precludes AFC from foreclosing on assets *after maturity* would be tantamount to a request for this Court *to expand the injunction* to cover post-maturity defaults, not for sustaining the injunction on review. Appellate jurisdiction in an appeal arising from a preliminary injunction order, after all, is "limited to those issues pertaining to the merits of the injunction." *Hodge v. Bluebeard's Castle, Inc.*, 392 F. App'x 965, 978 n.19 (3d Cir.

---

[1] Moreover, illegality cannot be grounds for this Court to affirm the injunction because the Borrowers (who came to Court seeking the injunction) are in pari delicto. If the Borrowers "participated in a violation of the law," they "will not be allowed to assert in court any right based on or directly connected with the illegal transaction." 5 Williston on Contracts § 12:8 (4th ed.); *see also id.* ("So if the plaintiff and defendant were to change sides, and the defendant was to bring his action against the plaintiff, the latter would then have the advantage of it; for where both are equally in fault, *potior est conditio defendantis'*— in other words, the position of the defending party is the better one.") (quoting *Holman v. Johnson*, 1775 WL 22 (K.B. 1775) (Lord Mansfield)).

2010); *see, e.g.*, *Kershner v. Mazurkiewicz*, 670 F.2d 440, 449 (3d Cir. 1982) (en banc) ("If … the appellate court can dispose of the section 1292(a)(1) appeal without venturing into otherwise nonreviewable matters, its jurisdiction should be limited accordingly.").

Similarly, any view this Court might have about the merits of the Borrowers' facial defenses to payment of the loan would by definition be beyond the scope of reviewing an injunction addressing only interim defaults—in essence, an advisory opinion on those defenses. Such defenses should be addressed in the first instance by another court on another day—most sensibly, in any repayment action AFC might bring. It is not this Court's role to express a view on the merits of those defenses when they have no bearing on the outcome of an appeal. *See, e.g.*, *Constand*, 833 F.3d at 411 (describing as "fatally flawed" an argument that appeal was not moot because opinion could "leave [party] 'better positioned' to persuade 'the various courts in which he finds himself a party'" to adopt his view of the law); *In re Cantwell*, 639 F.2d 1050, 1054 (3d Cir. 1981) (explaining that an appeal seeking "a 'firm basis'" to seek relief from another court amounted to a request for an advisory opinion and was thus moot). Any attempt by the Borrowers to invoke new arguments against payment as a basis for this Court's maintenance of jurisdiction over this appeal should fail for that reason.

In short, this appeal is moot, and the Court should dismiss it.

## CONCLUSION

For the foregoing reasons, AFC respectfully requests that the Court dismiss this appeal as moot.

Dated: May 6, 2026

Respectfully submitted,

*/s/ Alex H. Loomis*

Jason D. Sternberg
David A. Nabors
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2601 South Bayshore Dr., Ste. 1550
Miami, FL 33133
(305) 402-4880

Alex H. Loomis
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
111 Huntington Ave., Suite 520
Boston, MA 02199
alexloomis@quinnemanuel.com
(617) 712-7100

Kevin S. Reed
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
295 Fifth Avenue, 9th Fl.
New York, NY 10016
(212) 849-7000

*Counsel for Defendants-Appellants*

**CERTIFICATIONS**

1.      Pursuant to Third Circuit L.A.R. 28.3(d), the undersigned is a member in good standing of the bar of this Court.

2.      This brief complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because this motion contains 2,671 words, excluding the parts of the brief exempted by Rule 32(f).

3.      This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

4.      On May 6, 2026, I caused the foregoing motion to be filed using the CM/ECF system on all counsel of record.

*/s/ Alex H. Loomis*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF** | **U.S. COURTHOUSE** |
| **ZAHID N. QURAISHI** | **402 EAST STATE STREET, ROOM 4000** |
| **UNITED STATES DISTRICT JUDGE** | **TRENTON, NJ 08608** |

April 30, 2026

### LETTER ORDER

**Re:    HAYDEN GATEWAY LLC,** *et al.* **v. ADVANCED FLOWER CAPITAL INC.,** *et al.*,
    **Civil Action No. 25-2789 (ZNQ) (JBD)**

Dear Counsel:

**THIS MATTER** comes before the Court upon: (1) Defendants Advanced Flower Capital Inc. and AFC Agent LLC's (collectively, "Defendants") Motion on Short Notice for Clarification of the Preliminary Injunction Order (the "Motion for Clarification," ECF No. 135); and (2) Plaintiffs Hayden Gateway LLC, Bloc Dispensary LLC, and JG HoldCo LLC's (collectively, Plaintiffs") Cross-Motion to Stay Proceedings Pending Third Circuit Decision Regarding Illegality (the "Cross-Motion to Stay," ECF No. 137).  The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.   For the reasons set forth below, the Court will **DENY** the Motion for Clarification and the Cross-Motion to Stay.

### I.    BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motions.   For a comprehensive review of the factual and procedural history, reference is made to *Hayden Gateway LLC v. Advanced Flower Capital*, Civ. No. 25-2789, 2025 WL 3314471, at *1–3 (D.N.J. Nov. 29, 2025).

Plaintiffs are cannabis businesses operating in New Jersey and Pennsylvania.   (Am. Compl. ¶ 1.)   In 2021, Defendants lent money to Plaintiffs to finance the build-out and operation of Plaintiffs' cannabis operations.   (*Id.* ¶ 28.)

Plaintiffs and several other entities entered into the Second Amended & Restated Credit Agreement with Defendants on September 30, 2021 (the "Credit Agreement").   (*See* Motion to Clarify Br. at 2.)   The Credit Agreement has a fixed maturity date of May 1, 2026, on which date all outstanding principal, accrued interest, and other obligations become due and payable in full. (*See id.*)

On May 9, 2025, following an evidentiary hearing, this Court issued an Opinion and Preliminary Injunction Order (the "PI Order").   (*See* ECF No. 47.)   The Court specifically enjoined Defendants from seizing any of Plaintiffs' assets or cash or seeking any remedy for

default that is inconsistent with several oral agreements made between the parties or on the basis that Plaintiffs failed to obtain a final certificate of occupancy for its Ewing facility.  (*See id.*)  The PI Order is silent as to the Credit Agreement's maturity date or any party's rights upon maturity and failure to repay because the parties did not bring that issue to the Court's attention.

## II.    MOTION TO CLARIFY

Defendants' Motion to Clarify asks this Court to "confirm that the PI Order does not limit [Defendants'] right to exercise its contractual rights and remedies if Plaintiffs fail to pay their loan in full when the loan matures."  (Motion to Clarify Br. at 1.)  The Credit Agreement matures on May 1, 2026.  (*Id.*)  Defendants' request is denied.

Normally, "[u]nder [Rule] 65, when a Court issues an 'order involving injunctive relief . . . prior to the entry of a final judgment[,] . . . an appeal from the grant or denial of [the] preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending." *N.J. Sports Prods. v. Don King Prods.*, 15 F. Supp. 2d 546, 550 (D.N.J. 1998) (alterations in original).  However, here, the subject of the appeal to the Third Circuit—an appeal Defendants sought—is the PI Order itself.  "'The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Defendants' Motion to Clarify is tantamount to a motion to amend an Order.  Defendants are not asking this Court to maintain the status quo—they are requesting a new interpretation. This Court, however, lacks jurisdiction to alter an order pertaining to the very same order that is currently before the Third Circuit on appeal.[1]  *See Sheet Metal Workers' Int'l. Ass'n Local 19*, 198 F.3d at 394.  As such, Defendants' Motion to Clarify will be **DENIED**.

## III.    CROSS-MOTION TO STAY

In response to Defendants' Motion to Clarify, Plaintiffs also cross-move to stay the case until the Third Circuit issues its decision.  This Court agrees with Plaintiffs that proceeding with this case without guidance from the Third Circuit as to the legality of the Credit Agreement "potentially wastes judicial resources[ and] interferes with the Third Circuit's jurisdiction."  (*See* Cross-Motion to Stay Br. at 16.)  However, the arguments the parties made before the Third Circuit—as to whether the Credit Agreement can even be enforced due to various illegality and severability issues—were not made before this Court.  It makes little sense to stay this matter in this Court based on arguments that this Court has not heard.[2]  As such, Plaintiffs' Cross-Motion to Stay will be **DENIED**.

---

[1] At oral argument before the Third Circuit, the Third Circuit panel focused on the doctrine of illegality and whether a federal court can issue relief that effectively approves a violation of the Controlled Substances Act.  Interestingly, Defendants argued that this Court's PI Order "gives a stamp of judicial approval on illegal activity."  (*See* Ex. 1 to Declaration of Jamie Hoxie Solano (Third Circuit Transcript) at 30:12-15.)  The Court is unsure why Defendants would request this Court modify its PI Order while at the same time arguing that it enables illegal activity.

[2] To the extent Plaintiffs seek a stay of this matter based on proceedings before the Third Circuit, the undersigned respectfully submits that relief is better sought from the Circuit.

## IV.    CONCLUSION

For the reasons set forth above, the Motion for Clarification (ECF No. 135) and the Cross-Motion to Stay (ECF No. 137) are hereby **DENIED**.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

**DECLARATION OF CARLY HOOKER IN SUPPORT OF DEFENDANTS-APPELLEES' MOTION TO DISMISS THE APPEAL**

I, Carly Hooker, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a Director at Advanced Flower Capital Inc.'s ("AFC") external manager.  I am one of the individuals at AFC with primary responsibility for management of the loan (the "Loan") that AFC has extended to several borrower entities, including Plaintiffs-Appellees Hayden Gateway LLC and Bloc Dispensary LLC (collectively, the "Borrowers").

2.      I am over the age of 18, and make this Declaration on the basis of personal knowledge in support of Defendants-Appellants Advanced Flower Capital Inc. and AFC Agent LLC's Motion To Dismiss Appeal as Moot, and would testify to the facts stated below.

3.      On May 1, 2026, the Loan matured.  As of that date, the amount due and payable from the Borrowers to AFC under the Loan was at least $115,000,000.

4.      As of May 5, 2026, the Borrowers have not paid any portion of the foregoing amount.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of May, 2026 in Palm Beach County, Florida.

Carly Hooker