No. 25-2061

# United States Court of Appeals

**FOR THE THIRD CIRCUIT**

HAYDEN GATEWAY LLC AND BLOC DISPENSARY LLC,

*Plaintiffs–Appellees,*

v.

ADVANCED FLOWER CAPITAL INC. AND AFC AGENT LLC;

*Defendants–Appellants.*

*On Appeal From The United States District Court For The District of New Jersey Case No. 3:25-02789, Hon. Zahid Quraishi*

## DEFENDANTS-APPELLANTS ADVANCED FLOWER CAPITAL INC. AND AFC AGENT LLC'S  REPLY IN SUPPORT OF THEIR MOTION TO DISMISS APPEAL AS MOOT

Jason D. Sternberg
David A. Nabors
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2601 South Bayshore Dr., Ste. 1550
Miami, FL 33133
(305) 402-4880

Alex H. Loomis
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
111 Huntington Ave., Ste. 520
Boston, MA 02199
(617) 712-7100

Kevin S. Reed
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
295 Fifth Avenue, 9th Fl.
New York, NY 10016
(212) 849-7000

*Counsel for Defendants–Appellants*

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ...................................................................................................1

ARGUMENT ........................................................................................................2

I.    THE BORROWERS DO NOT DISPUTE THAT AFC HAS ALREADY OBTAINED ALL THE RELIEF IT SEEKS IN THIS APPEAL ......................................................................................2

II.    THE BORROWERS' AD HOMINEM ATTACKS ARE IRRELEVANT AND UNFOUNDED ........................................................7

CONCLUSION .....................................................................................................10

CERTIFICATIONS ...............................................................................................11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Albers v. Eli Lilly & Co.*,
 354 F.3d 644 (7th Cir. 2004) ...................................................................................3

*Apical Biotek, LLC v. Maitri Holdings, LLC*,
 No. 25-1396, 2026 WL 177927 (3d Cir. Jan. 22, 2026)......................................8

*In re Cantwell*,
 639 F.2d 1050 (3d Cir. 1981) .................................................................................7

*Church of Scientology of Cal. v. United States*,
 506 U.S. 9 (1992)......................................................................................................3

*Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*,
 167 F.4th 605 (2d Cir. 2026) ..................................................................................2

*Constand v. Cosby*,
 833 F.3d 405 (3d Cir. 2016) ................................................................................3, 7

*Hodge v. Bluebeard's Castle, Inc.*,
 392 F. App'x 965 (3d Cir. 2010) .........................................................................6

*Johnson v. Warden Allenwood FCI Low*,
 No. 24-1257, 2024 WL 5401830 (3d Cir. Sept. 13, 2024) ...............................3

*Romsted v. Rutgers*,
 566 F. App'x 189 ....................................................................................................3

*United States v. Hammer*,
 226 F.3d 229 (3d Cir. 2000) ...................................................................................2

*United States v. Rush*,
 666 F.2d 10 (2d Cir. 1981) .....................................................................................9

## Other Authorities

Fed. R. App. P. 42(b) ....................................................................................................2

N.Y. U.C.C. §§ 9-625–28 .........................................................................................10

U.S. Const., art. III ..........................................................................................3

**INTRODUCTION**

The Borrowers confirm on page 1 of their Opposition the facts that render the appeal moot. The injunction prohibited AFC from exercising its contractual remedies based on pre-maturity defaults, but not post-maturity ones (as the district court acknowledged). And now that they have defaulted, the Borrowers acknowledge (Opp. 1) that AFC has begun exercising those same remedies. That resolves this motion. As AFC argued (Mot. 10) and the Borrowers ignore, "[a]ny argument by the Borrowers that the injunction precludes AFC from foreclosing on assets *after maturity* would be tantamount to a request for this Court *to expand the injunction* to cover post-maturity defaults, not for sustaining the injunction on review" (emphases in original).

The Borrowers' other omissions are equally telling. They fail to acknowledge their prior concession, when opposing expedition, that "the exact relief sought by [AFC] before this Court—AFC's alleged right to terminate the loan—is going to come due [on the May 1, 2026 maturity date] *no matter what the Court decides*" and that "any … non-payment" of the loan "would promptly trigger all of [AFC's] remedies." Dkt. 19 at 6 (emphasis in original). The Borrowers admit they didn't pay on May 1, so "the exact relief sought by" AFC has "come due … no matter what the Court decides." *Id.* That is the very definition of mootness.

1

This has nothing to do with the "[v]oluntary cessation" doctrine (Opp. 2). The Borrowers' default, not AFC's cessation, is what has caused the appeal to be moot.

Lacking an argument, the Borrowers litter their Opposition with ad hominem attacks that have nothing to do with mootness. They speculate (*id.*) that AFC filed their Motion for fear of how oral argument went—even though AFC filed two months later, but only days after the default. They claim (*id.*) that "financing" like AFC's "has long subjected others to federal prosecution." Not true. The only party that has violated the CSA are the Borrowers themselves. And they continue to assert that AFC has a secret lien in their cannabis, even though AFC showed, through an unrebutted analysis of the underlying contracts, why that is not true.

In sum, the case is moot, just as the Borrowers said it would be if they didn't pay the amount due. The Court should dismiss.

ARGUMENT

I. **THE BORROWERS DO NOT DISPUTE THAT AFC HAS ALREADY OBTAINED ALL THE RELIEF IT SEEKS IN THIS APPEAL**

The Borrowers open their Argument by contending (Opp. 6), curiously, that this Court has complete "discretion" as to whether to dismiss on mootness grounds. That's of course not right, and the cases they cite do not involve motions to dismiss on mootness grounds.[1] As AFC recounted and the Borrowers ignore, when a case

---

[1] *See United States v. Hammer*, 226 F.3d 229, 234 (3d Cir. 2000) (decision did not hinge on mootness); *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols.,*

is moot, "there is no longer a controversy to decide as required by Article III of the United States Constitution for the exercise of federal judicial power," so this Court "lack[s] the ability (that is, appellate jurisdiction) to decide it and 'the appeal *must* be dismissed.'" *Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016) (emphasis added) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

The Borrowers agree (Opp. 9) that an appeal is moot when the appellant "has already received his requested relief." *Johnson v. Warden Allenwood FCI Low*, No. 24-1257, 2024 WL 5401830, at *1 (3d Cir. Sept. 13, 2024); *see* Mot. 7-8.

AFC's mootness argument is straightforward. Mot. 8-11. The loan is now overdue, and so the parties' loan agreements entitle AFC to pursue repayment of the loan immediately, regardless of whether the pre-maturity defaults that AFC was preliminarily enjoined from acting on might have allowed AFC to pursue collection efforts earlier. That means that AFC stands to gain nothing from this appeal even if it prevails.

The Borrowers make only one real argument against mootness. Across two pages (Opp. 9-10), they contend, for the first time, that the alleged Reopening

---

*LLC*, 167 F.4th 605, 619 (2d Cir. 2026) (no mention of mootness); *Romsted v. Rutgers*, 566 F. App'x 189, 191-92 (same); *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (same).

Agreement might "bar[] post-maturity" remedies. They do not address the fact that this contradicts what they told this Court when briefing expedition: "AFC's alleged right to terminate the loan—is going to come due [on the May 1, 2026 maturity date] *no matter what the Court decides*" and that "any … non-payment" of the loan "would promptly trigger all of [AFC's] remedies." Dkt. 19 at 3, 6 (emphasis in original). They also ignore that the preliminary injunction barred AFC only from "seeking any remedy for default that is inconsistent with" the alleged oral agreements, JA0004-05, and the district court did not make any finding that the alleged oral agreements created post-maturity obligations, *see generally* JA0007-45. The Borrowers cite (Opp. 9) the district court's ruling that the Reopening Agreement "acted as a novation of the provisions in the 2024 Forbearance Agreement pertaining to the Hazle cultivation facility." JA0030. But it did not find that there was a novation of their obligation to pay the full loan on maturity, which stems from the *Credit Agreement*, not the 2024 Forbearance Agreement. JA0860, JA0301, JA0290. The Borrowers also note (Opp. 10) that the district court ruled that it lacked jurisdiction to clarify its injunction. They ignore that the district court also stated that the preliminary injunction "is silent as to the Credit Agreement's maturity date or any party's rights upon maturity," which were never raised. Mot. Ex. A at 2.

Because the injunction "is silent" as to post-maturity defaults, *id.*, it does not prevent AFC from foreclosing. The fact that "the district court is awaiting further

4

direction from this Court before doing anything" (Opp. 10) does not matter. The appeal is moot because AFC has already obtained whatever relief it could have hoped to obtain from this appeal.

The Borrowers' remaining arguments fail for reasons that AFC explained and the Borrowers ignore. They assert (Opp. 8) that they "are not actually in breach" and that they have "maturity-specific arguments [that] center around issues partially adjudicated in the court's injunction ruling." But as AFC explained and they ignore (Mot. 11), that is irrelevant to whether the injunction presently precludes AFC from commencing enforcement proceedings. Because the injunction does not prevent such enforcement, AFC stands to gain nothing from this appeal. If the Court reverses the injunction, AFC can pursue repayment and seek to recover its collateral. And if the Court affirms the injunction, AFC can pursue those same courses of action because neither the preliminary injunction nor the alleged oral Reopening Agreement that served as its basis included any prohibition on AFC's pursuit of its remedies on the loan's maturity. Whatever the Court decides, AFC will be able to exercise its remedies for the Borrowers' failure to pay the loan balance. It follows that any opinion this Court could issue would serve only an advisory function.

The Borrowers confirm as much when they claim (Opp. 10) that "there remain multiple ways this Court could rule." All of the potential rulings they outline address whether the Reopening Agreement is valid. But this is an appeal of a preliminary

injunction that no longer applies, not a final judgment for declaratory relief, and this Court does not have interlocutory jurisdiction to offer advisory opinions that do not bear on the scope of the (now mooted) injunction. *Hodge v. Bluebeard's Castle, Inc.*, 392 F. App'x 965, 978 n.19 (3d Cir. 2010); *see* Mot. 10-11. Again, the Borrowers ignore this point entirely.

This in turn is why the Borrowers' (incorrect) claim (Opp. 11) that "the debt is unenforceable because it was made in violation of the CSA" has nothing to do with mootness. This Court raised the illegality question at a point when the preliminary injunction at issue here had real-world impact (because the loan had not yet matured) and issue of whether the illegality of the underlying transacation should have prevented the lower court from adjudicating this case was, therefore, germane. But as AFC argued, that time has passed: "[W]hatever the merits of the Borrowers' illegality arguments," "the injunction does not cover AFC's rights on maturity of the loan, and thus it has no bearing on AFC's foreclosure rights on maturity. Any argument by the Borrowers that the injunction precludes AFC from foreclosing on assets *after maturity* [for illegality reasons] would be tantamount to a request for this Court *to expand the injunction* to cover post-maturity defaults," or, alternatively, for rendering an advisory opinion, "not for sustaining the injunction on review" Mot. 10 (emphases in original).

The Borrowers not only have no response to this argument, they also explicitly request advisory relief. They urge (Opp. 21) the Court to issue an opinion providing "additional guidance on issues touching on federal law," ostensibly for the benefit of "other courts" in "the two states where [the Borrowers] operate." That request loudly echoes previous invitations to render advisory opinions that this Court has rightly declined. *See, e.g.*, *Constand*, 833 F.3d at 411 (describing as "fatally flawed" an argument that appeal was not moot because opinion could "leave [party] 'better positioned' to persuade" other courts); *In re Cantwell*, 639 F.2d 1050, 1054 (3d Cir. 1981) (explaining that an appeal seeking "a 'firm basis'" to seek relief from another court amounted to a request for an advisory opinion and appeal was thus moot).

## II.  THE BORROWERS' AD HOMINEM ATTACKS ARE IRRELEVANT AND UNFOUNDED

The Court need go no further to resolve AFC's motion. The remainder of the Borrowers' Opposition is a series of ad hominem attacks that have nothing to do with mootness. Given the seriousness of the accusations levied, however, AFC briefly responds.

First, the Borrower's claim (Opp. 7) that "AFC's reasons for seeking dismissal of this appeal" are "pretext" is plainly untrue. AFC has been candid from this appeal's inception that meaningful relief was possible only if this Court issued a ruling prior to the May 1, 2026 maturity date. AFC promptly moved to expedite the appeal for that reason, *see* Dkt. 11 at 5 (arguing expedition was likely needed to

prevent mootness); Dkt. 21 at 1 (same), and when the appeal became moot on maturity, it promptly moved to dismiss for that reason, too. And again, the Borrowers ignore that they conceded that the appeal would be moot upon maturity if they failed to pay. Dkt. 19 at 6. Despite the Borrowers' new insistence to the contrary (Opp. 5), it was perfectly reasonable for both parties to believe that a ruling before May 1 was possible. *See, e.g.*, *Apical Biotek, LLC v. Maitri Holdings, LLC*, No. 25-1396, 2026 WL 177927 (3d Cir. Jan. 22, 2026) (opinion issued ten days after oral argument).

The notion that "AFC's Motion Is Rooted In Improper Gamesmanship" (Opp. 7) is similarly nonsensical. The Borrowers owe AFC over $100 million. AFC wanted them to pay. The appeal is moot because they didn't pay. It is unclear how the Borrowers' failure to pay $100 million constitutes "Gamesmanship" on AFC's part.

The Borrowers next assert (Opp. 11) that their underlying $100 million "debt is unenforceable" because it is an illegal contract. Again, this argument has nothing to do with mootness. It also directly contradicts what the Borrowers told the Court at oral argument: "the financial covenant of the loan would be something that could be enforceable." Tr. 22:24-23:1. The cases Borrowers cite in support of their now-flipped position hold only that a person who makes a one-off loan to buy drugs, "in a secretive and clandestine fashion," violates the law, but a "a money lender" "in the

8

… trade" does not.  *E.g.*, *United States v. Rush*, 666 F.2d 10, 11 (2d Cir. 1981).  The Borrowers belatedly claim (Opp. 14-15), for the first time, that cases have declined to enforce loan agreements to marijuana companies before.  Of those cases, *Kornea*, *CCH*, and *Sensoria* did not involve loans; the other two are clear outliers.

In any case, as the Borrowers recognize (Opp. 14), "[o]ne who has himself participated in an illegal act cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction" (citation omitted).  They fail to recognize that this cuts against them, because they—the cannabis manufacturers—were the parties that filed this action and obtained the injunction below.  AFC, the *Defendant*-Appellant, did not assert any rights in, or seek any relief from, the district court.

The Borrowers' accusation (Opp. 18) that "AFC obviously does claim liens in the cannabis plants and products" is unserious.  The Borrowers do not address, let alone rebut, any of AFC's careful textual analysis explaining why it does not.  Dkt. 58.  They instead note (Opp. 18-19) that AFC asked the Borrowers for information about their cultivation and wildly speculate that AFC secretly intends to assert such a lien.  That is false.

It is also false for the Borrowers to say (Opp. 18) that "AFC took the opposite position in a recent Massachusetts state court" case (involving different parties and a different contract).  In that case, AFC sought appointment of a receiver precisely

because it could not enforce any security interest in the marijuana. If the Borrowers believe that federal law prohibits courts from appointing receivers in such situations, they can make that argument if AFC seeks appointment of a Receiver against them. Either way, as AFC told this Court, the same rule of decision—the Supremacy Clause—would apply in state and federal court. Tr. 10:3-6.

Finally, the Borrowers' suggestion (Opp. 22) that review is needed now because courts cannot hear challenges to UCC auctions is just untrue. *E.g.*, N.Y. U.C.C. §§ 9-625–28.

## CONCLUSION

The Court should dismiss the appeal as moot.

Dated: May 26, 2026                    Respectfully submitted,

                                       */s/ Alex H. Loomis*

Jason D. Sternberg                     Alex H. Loomis
David A. Nabors                        QUINN EMANUEL URQUHART &
QUINN EMANUEL URQUHART &                  SULLIVAN, LLP
   SULLIVAN, LLP                       111 Huntington Ave., Suite 520
2601 South Bayshore Dr., Ste. 1550     Boston, MA 02199
Miami, FL 33133                        alexloomis@quinnemanuel.com
(305) 402-4880                         (617) 712-7100

                                       Kevin S. Reed
                                       QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
                                       295 Fifth Avenue, 9th Fl.
                                       New York, NY 10016
                                       (212) 849-7000

*Counsel for Defendants-Appellants*

## CERTIFICATIONS

1.  Pursuant to Third Circuit L.A.R. 28.3(d), the undersigned is a member in good standing of the bar of this Court.

2.  This brief complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because this motion contains 2,315 words, excluding the parts of the brief exempted by Rule 32(f).

3.  This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

4.  On May 26, 2026, I caused the foregoing to be filed using the CM/ECF system on all counsel of record.

<em>/s/ Alex H. Loomis</em>