quinn emanuel trial lawyers | boston
111 Huntington Avenue, Suite 520, Boston, Massachusetts 02199-7626 | TEL (617) 712-7100 FAX (617) 712-7200

September 17, 2026

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of Court, Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Hayden Gateway LLC v. Advanced Flower Cap. Inc.*, No. 25-2061 – Response to Plaintiffs-Appellees' September 14, 2026 FRAP 28(j) Letter

Dear Ms. Dodszuweit:

AFC responds to the Borrowers' Letter regarding *Hello Farms Licensing MI, LLC v. GR Vending MI, LLC*, --- F.4th --- (6th Cir. 2026) ("Op.").

*First*, *Hello Farms* has no bearing on mootness. *Hello Farms* was a post-final-judgment appeal, in which all collateral issues merged. This is an interlocutory appeal from a preliminary injunction barring AFC from enforcing a loan based on *pre-maturity breaches*—but not based on the Borrowers' *post-maturity default*. It follows that affirmance, vacatur, or reversal of the injunction would not affect the parties' rights, as AFC is exercising its post-maturity enforcement remedies in pending state court litigation. The Borrowers have not moved to modify the injunction to cover post-maturity breaches either. The Borrowers' response to mootness (at 2)—AFC "gets no remedy" because it allegedly "violated the CSA"—is unintelligible.

*Second*, an advisory opinion is unnecessary. The Borrowers agree (*id.*) with AFC that their illegality arguments will be heard in state court.

*Third*, *Hello Farms* underscores that, when illegality applies, courts will not help *plaintiffs*—i.e., *the Borrowers*. Op.11. They assume (at 1 n.1) that the injunction should bar cash sweeps. But if illegality applies, they cannot obtain that remedy and have no right to those funds either.

*Fourth*, *Hello Farms* is factually inapposite. It involved a contract to sell marijuana. The Credit Agreement, by contrast, is just a loan, and its legality is not at issue on appeal. AFC cited authority showing that such loans can be enforced and do not violate the CSA. The Borrowers have cited no contrary cases.

*Last*, *Hello Farms* illustrates unresolved doctrinal complexities. It expressly creates a circuit split. Op.11. It does not address contract severability or precedent emphasizing that illegality should not result in unfair windfalls to criminals (like the Borrowers). Dkt. 46 at 2. And it holds that the recent cannabis rescheduling is irrelevant, notwithstanding "sparse" "federal caselaw." Op.9 n.8. At minimum, AFC should receive a full trial and appeal on the merits on these issues before its $100 million loan is deemed unenforceable to the benefit of the only party here who concedes it is violating federal law.

Respectfully submitted,

*/s/ Alex H. Loomis*
Alex H. Loomis

Cc: Counsel of record (via CM/ECF)